UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN HOOPER,

   Plaintiff,

v.

DWAYNE VANDERWORK, VERONICA
JOHNSON, DANIEL QUAGLIANA, PETE
DORMAN,

   Defendants.

---



16-CV-962
ORDER

  The pro se plaintiff, Steven Hooper, is an inmate currently confined at the Chautauqua County Jail. He seeks relief under 42 U.S.C. § 1983 based upon alleged violations of his Eighth and Fourteenth Amendment rights. Docket Item 1. He also has filed a motion for leave to proceed in forma pauperis, Docket Item 2; a motion for the appointment of counsel, Docket Items 8 and 10; and a motion to compel the production of medical records, Docket Item 9. The plaintiff seeks declaratory relief, including an order mandating that he receive medical treatment from "a specialist for [his] pain and suffering." Docket Item 1 at 6.

  The plaintiff has met the statutory requirements to proceed as a poor person under 28 U.S.C. § 1915(a), and his request to proceed in forma pauperis therefore is granted. For that reason, this Court also has screened the complaint with respect to the criteria under 28 U.S.C. §§ 1915(e) and 1915A. Based on that screening, the complaint will be dismissed without prejudice unless the plaintiff files an amended complaint addressing the deficiencies noted blow. In addition, the plaintiff's motion seeking the

appointment of counsel is denied without prejudice, but his motion seeking his medical records is granted.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Section 1915A(b) provides that the court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I. **THE COMPLAINT**

In evaluating the complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

2

*Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

Hooper has sued four Chautauqua County Jail correction officers, alleging deliberate indifference to his serious neck and back conditions. Docket Item 1 at 9-10. A liberal reading of the complaint tells the following story. Hooper was injured when he was shackled and handcuffed by correction officers during a hospital visit in July 2016. *Id.* During his discharge from the hospital, the defendants directed him to sit in a wheelchair and, as he attempted to do so, the chair overturned, causing him to strain his back and neck and suffer severe pain. *Id.* The defendants also denied his repeated requests to be treated by a spine, back, and neck specialist, which Hooper alleges is tantamount to deliberate indifference to his medical needs. *Id.*

II. **SECTION 1983 CLAIMS**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir.

3

1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## A. Deliberate Indifference to Medical Condition

A claim for denial of medical care may rise to the level of a constitutional violation when the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). This standard has both objective and subjective components.

First, the plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)); *see also Lawrence v. Evans*, 136 F. Supp. 3d 486, 489 (W.D.N.Y. 2015), *aff'd*, 669 F. App'x 27 (2d Cir. 2016) (Summary Order) ("An objectively 'serious medical need' is one which presents 'a condition of urgency' that may result in 'death, degeneration, or extreme pain.'") (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994), *cert. denied*, 513 U.S. 1154 (1995)). "Where the claims concern the alleged inadequacy of treatment, as opposed to the complete denial of treatment, the seriousness inquiry is narrower." *Lawrence v. Evans*, 136 F. Supp. 3d 486, 489 (W.D.N.Y. 2015), *aff'd*, 669 F. App'x 27 (2d Cir. 2016) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)).

4

Here, the plaintiff does not allege that he was denied treatment altogether; rather, he says that his request to be treated by a "specialist" was denied. (Docket No. 1, p. 6). But it is well settled that disagreement over the means of treatment, including the "need for specialists[, is] not adequate grounds for a § 1983 claim." *Scott v. Laux*, 2008 WL 4371778, at *4 (N.D.N.Y. Sept. 18, 2008) (internal quotation marks omitted). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d at 703. The complaint therefore does not meet the objective component of alleging indifference to a serious medical condition.

Even assuming that the complaint asserts facts sufficient to allege a serious neck and back condition, it still would not meet the subjective component because it does not allege that the defendants acted with the state of mind necessary to support a constitutional violation. The complaint alleges only that after the plaintiff hurt his neck and back, the defendants did not let him treat with a specialist as he requested. For an Eighth Amendment medical-indifference claim to survive, however, the complaint must allege that the defendants deliberately or wantonly ignored a prisoner's serious medical needs—something not alleged here. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). Moreover, not only does the complaint fail to allege any willful indifference to the plaintiff's serious medical needs, it also does not specify which defendants, if any, were personally involved in the alleged deprivation of care. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)

5

(holding that a defendant's personal involvement in the alleged deprivation is a prerequisite to liability under § 1983). It is subject to dismissal for that reason as well.

The Court notes that the complaint does not indicate whether the plaintiff was a sentenced prisoner or a pretrial detainee at the time of the incident. The more forgiving Fourteenth Amendment due process standard given a pretrial detainee does not require a showing of subjective awareness of the risk of harm. But even under that standard, prison officials who act with mere negligence will not be held liable for constitutional violations because "any § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence." Darnell v Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon Med. Assocs. of New York, No. 15CV7351JPOSN, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36). Here, the allegations in the complaint, assumed to be true, do not show a *mens rea* greater than mere negligence.

Based on the foregoing, the plaintiff's claim that the defendants were deliberately indifferent to his serious medical needs is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim on which relief may be granted. Nevertheless, the plaintiff will be given an opportunity to amend his complaint in light of the above analysis. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action."); Fed. R. Civ. P. 15(a) (leave to amend shall be freely given).

## B. Failure to Protect

It is well settled that prison officials must:

> take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.
>
> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (internal citations omitted) (citing *Farmer*, 511 U.S. at 831, 833). The plaintiff claims that by not securing the brakes on his wheelchair, the defendants allowed his chair to overturn, causing him to strain his back and neck and suffer severe pain.

But the complaint is devoid of any allegations that the prison official or officials responsible for securing the brakes on the plaintiff's wheelchair acted deliberately and not merely negligently.[1] Moreover, the complaint does not indicate which individual defendants were personally involved in this incident, another requirement for liability to attach. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (holding that a defendant's personal involvement in the alleged deprivation is a prerequisite to liability

---

[1] The pleadings also fail to allege, under the *mens rea* prong of deliberate indifference for a Fourteenth Amendment failure-to-protect claim, that the defendants "knew, or should have known" that their conduct "posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

7

under § 1983). Consequently, this claim is dismissed because the complaint is insufficient. Again, however, the plaintiff will be given leave to amend the complaint to state facts, if possible, sufficient to allege a viable failure-to-protect cause of action.

### III. THE PLAINTIFF'S MOTIONS

Finally, the court has considered the plaintiff's motions for the appointment of counsel and to compel the defendants to produce his medical records.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), however, the Court may in its discretion appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The factors to be considered in deciding whether or not to assign counsel include: (1) whether the claims seem likely to be of substance; (2) whether the plaintiff can investigate the crucial facts concerning his claim; (3) whether the key proof may involve conflicting evidence implicating the need for cross-examination; (4) whether the legal issues are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). At this point in the proceeding, this Court finds the plaintiff's requests for the appointment of counsel to be premature. Consequently, that motion is denied without prejudice to refile, if appropriate, at a later date.

On the other hand, the plaintiff's motion for his medical records is granted. The production of these records may assist the plaintiff in amending his complaint to state a viable claim, if possible. Therefore, the defendants shall provide the plaintiff with a

complete copy of his medical records no later than one month from the date of this order.

## CONCLUSION

Because the plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, his request to proceed in forma pauperis, Docket Item 2, is granted. His motions for the appointment of counsel, Docket Items 8 and 10, are denied as premature, but his motion to compel the production of his medical records, Docket Item 9, is granted. The complaint will be dismissed with prejudice for the reasons state above and under 28 U.S.C. § 1915(e)(2)(B), unless the plaintiff files an amended complaint no later than July 31, 2018, in which he includes allegations sufficient to state a claim as addressed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

The plaintiff is advised that an amended complaint is intended to ***completely replace*** the prior complaint, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, an amended complaint must include ***all*** the allegations against ***each defendant*** so that the amended complaint stands alone as the sole complaint that the defendants must answer.

## ORDER

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion to proceed in forma pauperis is granted; and it is further

ORDERED that the plaintiff's motions for the appointment of counsel, Docket Items 8 and 10, are denied without prejudice as premature; and it is further

ORDERED that the plaintiff's motion to compel the production of his medical records, Docket Item 9, is GRANTED, and the plaintiff shall be provided a complete copy of his medical records no later than one month from the date of this filing. The Clerk of Court shall serve a copy of this order on Stephen M. Abdella, the Chautauqua County Attorney at the Chautauqua County Law Department, 3 North Erie Street, Mayville, NY 14757, so that he can provide the plaintiff with the records; and it is further

ORDERED that the plaintiff is granted leave to file an amended complaint no later than July 31, 2018; and it is further

ORDERED that if the plaintiff does not file an amended complaint as directed above, the complaint will be dismissed with prejudice without further order of the Court, and it is further

ORDERED that if the complaint is dismissed because the plaintiff has not filed an amended complaint by July 31, 2018, the Clerk of Court shall close this case as dismissed with prejudice without further order of the Court; and it is further

ORDERED that if the complaint is dismissed because the plaintiff has failed to file an amended complaint as directed above, the Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the

Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 7, 2018
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE